UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHAWN M. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:15 CV 456 |
| | ) |
| MARIELENA DUERRING, *et al.* | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

Shawn M. Davis, a *pro se* plaintiff, filed a complaint (DE # 1) suing four defendants. Two months later, he filed another document (DE # 2) which he captioned "Complaint" naming only one of those four defendants. In that complaint he also explains that he mistakenly filed yet another complaint in his habeas corpus case: *Davis v. Superintendent*, 3:15-CV-449 (N.D. Ind. filed September 30, 2015). The complaint he erroneously filed in that habeas corpus case also names the same one defendant. All of this is rather confusing, but needlessly so. All three complaints include the same claim against Marielena Duerring. The first complaint also includes three other defendants. Though it is unclear whether Davis intended to abandon his claims against those defendants, because none of the claims he raises in any of his three complaints have any merit, the court will address all four defendants and dismiss this case.

Davis brings these claims pursuant to 42 U.S.C. § 1983. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law."

*Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915(e)(2)(B), this case must be dismissed if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Davis alleges that Marielena Duerring, a public defender, did not properly represent him during his criminal trial. He also alleges that Gary Walker, a private attorney, provided ineffective assistance of counsel. However, a criminal defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). Therefore the claims against these two defendants must be dismissed.

Davis alleges that Prosecutor Michael A. Dvorak prosecuted him based on false evidence. However, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also* Smith v. Power, 346 F.3d 740, 742 (7th Cir. 2003) ("Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence."(quotation marks and citation omitted)). Therefore the claim against this defendant must be dismissed.

Finally, Davis alleges that the illegal search and seizure by Police Officer Chadwick Goben led to his 2010 conviction and sentencing in State court. Although the

statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claims are time barred. *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009). "Fourth Amendment claims for false arrest or unlawful searches accrue at the time of (or termination of) the violation." *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008). "*Wallace v. Kato*, 549 U.S. 384 (2007) holds that *Heck* does not affect litigation about police conduct in the investigation of a crime . . . ." *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008). Indiana's two-year limitations period for personal injury suits applies to Section 1983 claims. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Therefore the claims against this defendant expired years ago and must be dismissed.

It is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However in this case, Davis has already filed three complaints. Moreover, permitting an amendment in this case would be futile. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Therefore this case will be dismissed.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED.**

Date: January 26, 2016

    s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT